[Sac. No. 909. In Bank.—January 3, 1903.]

## J. R. PATTERSON, Respondent, v. ROBERT MILLS and MARTHA F. MILLS, Appellants.

WATER RIGHTS—ACTION TO RESTRAIN DIVERSION—SUFFICIENCY OF COMPLAINT.—In an action to restrain the diversion of the waters of a stream to plaintiff's injury, where the complaint is good as against a general demurrer, the alleged use to which the plaintiff is entitled, and the alleged deprivation thereof by the defendant constitute only a single cause of action, and not two causes of action, and the complaint is not made thereby ambiguous, unintelligible, or uncertain, or the subject of a special demurrer.

ID.—RIGHTS OF PLAINTIFF—SUPPORT OF FINDINGS—ADVERSE USER—CONFLICTING EVIDENCE.—Notwithstanding the capacity of the plaintiff's ditches was fifty inches less than the capacity of the defendants' ditches, yet where no formal appropriation of any specific number of inches appears to have been made by either party, and the court finds upon conflicting evidence that plaintiff had had the use of one half of the water of the stream during the irrigating season for the period of twenty-one years adversely to the defendants, who were familiar with his user thereof, the findings and judgment for plaintiff cannot be disturbed upon appeal for insufficiency of the evidence to support them.

ID.—FORMER JUDGMENT—MATTER NOT IN ISSUE.—A former judgment in an action by the plaintiff against a predecessor of the defend-

ants, the controversy in which did not involve the proportion of the water to which each was entitled, and in which the court found that there were "no data upon which to base a perpetual injunction, or to settle the exact rights of the parties," and on which plaintiff received five dollars damages for interference with his ditch by lowering it to prevent injury from overflow, cannot operate as an estoppel to the present action to determine the rights of the plaintiff against the defendants in the flow of the stream.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion.

O'Neill & Butler, and Warren & Taylor, for Appellants.

Gillis & Tapscott, for Respondent.

HAYNES, C.—This appeal is from a judgment recovered by the plaintiff, determining his right, as against the defendants, to a portion of the waters of Shasta River, and from an order denying defendants' motion for a new trial.

The river flows through the lands of defendants and of plaintiff in a general northeasterly course, defendants' land being above the land of plaintiff. The plaintiff is the owner of two ditches taken out on defendants' land, the upper ditch on the northwesterly side, and the other on the southeasterly side. The upper ditch is alleged and found to be of the capacity of 250 inches, and the lower of 150 inches, measured under a four-inch pressure.

The defendants are the owners of three ditches (all above the plaintiff's ditches), known respectively as the "Reese ditch," the "Beaver Dam ditch," and the "Stewart ditch." The first two are alleged to have been constructed in 1853, and the third in 1854, but the court found that the Reese ditch was not constructed until 1885, the Beaver Dam ditch "about the year 1855," and the Stewart ditch "about 1854 or 1855," and further found the capacity of these ditches to be: The Reese ditch, 200 inches; the Beaver Dam ditch, formerly about 50 inches, and now 100 inches; and the Stewart ditch, formerly 100 inches, and now about 150 inches,— making the aggregate capacity of plaintiff's ditches 400

inches, and defendants' 450 inches,—in all 850 inches. And plaintiff's contention is, that he is entitled to 400 inches when there is 800 inches or more flowing in the river; and defendants contend that they are entitled to 450 inches at all stages of the water. It is alleged and found that until about the 1st of July there is an abundance of water flowing in the river to fill all the ditches and fully supply both parties, but about that time the water decreases in volume to less than 800 inches; so that it is only when the flow is less than 800 inches that either party can violate the rights of the other by diverting too much water as the ditches now exist.

Briefly stated, the court found that plaintiff owned 810 acres, all except a small part of which he had owned and occupied continuously since October, 1857, and of which his grantors were owners and occupants from 1853, to the date of his occupancy, and, as to the remainder, plaintiff was the owner and occupant for more than one year prior to the commencement of this action; that he cultivated and irrigated 320 acres thereof on the easterly side of the river and forty acres on the westerly side; that for forty-five years last past he and his grantors had continuously used the larger ditch to irrigate the 320 acres and for stock and domestic purposes; that during the thirty-five years next prior to the irrigating season of 1898 he used the whole of the waters through said ditch to the extent of 250 inches when there was 500 inches flowing in said river, and when there was less than that amount he used one half of it; that such use was continuous, open, and notorious, without interruption, and under claim of right, and with the full knowledge of the defendants and their predecessors in interest, and there was a like finding in regard to the use of 150 inches of water through the other ditch; that there was an abundance of water each season until about the 1st of July, when the flow gradually decreases until the close of the season, and when there was not a full supply the flow was equally divided; and that plaintiff and defendants and their predecessors in interest so used the said water and recognized each other's rights thereto in said manner for forty years and up to the irrigating season of 1898; that during the irrigating season of 1898, and again in 1899, defendants wrongfully and against the will of the plaintiff and in violation of his rights, and greatly to his damage and

injury, turned the waters of said river into their said ditches, and at times wholly deprived plaintiff of said waters, and at other times reduced the flow so that plaintiff did not get one half of the water flowing in said river, and that defendants threaten to continue to do so, and judgment was entered accordingly, enjoining the defendants.

Appellants do not contend that any of the findings are outside of the issues, nor that the findings do not support the judgment, but do insist that their demurrer to the complaint should have been sustained. But if the findings are within the issues, and are sufficient to support the judgment, it would seem to follow that the complaint is good as against a general demurrer. We have no doubt, however, from a careful examination of the complaint, that it is sufficient as against a general demurrer; nor do we think the special demurrers are well taken. But one cause of action is stated,—viz., a deprivation by the defendants of the use of water to which the plaintiff is entitled. We do not think it necessary to determine whether the title of the parties to the water was "an ownership in common," or a "several ownership" by each of a specific portion of the waters of the river. The fact of the use and the deprivation constituted a single cause of action, and not two causes of action; nor is the complaint thereby made ambiguous, unintelligible, or uncertain.

There are no specifications of errors committed upon the trial in the reception or rejection of evidence, but there are numerous specifications of insufficiency of the evidence to justify the findings.

The testimony in the case is voluminous and conflicting, but we find no material point upon which there is not evidence sufficient to sustain the findings. The real question in controversy relates to the proportion of the waters of the river each party is entitled to when the quantity flowing in the river is not sufficient to fully supply the wants of each. There does not seem to have been any formal appropriation of any specific number of inches by either party. The plaintiff testified that from 1857 up to the season of 1898 he used, he thought, more than half of the water, and used the same proportion as long as there was not over 800 inches, and had done so every year during that time, and that in lower stages of the water, when he was not getting what he was entitled to,

he would go up to defendants' dam, which was above the head of his ditches, and open it, so as to let down the quantity he claimed; that he used his ditches exclusively, and did not share with any one, and the defendants were familiar with his use of it, and that his use of the water was open, notorious, and adverse during all the time above stated.

There was much evidence in corroboration of the plaintiff, and much that conflicted with it; but it was the province of the trial court to determine its weight, and we are not at liberty, under such circumstances, to reverse the judgment upon that ground.

Nor is the plaintiff estopped by the judgment in the case of Patterson (the present plaintiff) *v.* Stewart, docketed November 30, 1881, referred to in the answer of the defendants. Stewart was the predecessor in interest of the present defendants. In that case the court found, as a conclusion of law, that there was "no data upon which to base a perpetual injunction, or to settle the exact rights of the parties," and gave judgment to the plaintiff therein for five dollars damages. The controversy did not involve the quantity or proportion of the water to which each was entitled; but Stewart, claiming that Patterson's ditch overflowed and injured his meadowland, tore out the dam, or lowered it, and, having done it a second time, said action was brought to enjoin interference with it, and for damages. In the present case we find no ground upon which the judgment should be reversed. We therefore advise that the judgment and order appealed from should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Van Dyke, J., Garoutte, J., Harrison, J., McFarland, J.